**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PRUDENCIO LOPEZ-RAMIREZ,**
            **Plaintiff,**

**-vs-**                                                                  **Case No.  6:08-cv-541-Orl-19DAB**

**YESUNG CORPORATION,
d/b/a Green Town's Produce,
CHONG S. KIM,**
            **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on August 20, 2008 with counsel for Plaintiff appearing by phone and counsel for Defendant appearing in person.

Based on Plaintiff's Response to the Court Interrogatories (Doc. No. 15), Plaintiff was employed by Defendants from October 14, 2006 to November 24, 2007 as a warehouseman. Plaintiff sought approximately $3,629 for alleged overtime worked and unpaid wages, and the same amount in liquidated damages, according to Plaintiff's counsel. *See also* Doc. No. 15 ($3,890 sought for overtime). Defendants contended initially that they were paying Plaintiff under the "fluctuating work week" method; however, they agreed to an offer of judgment once their Verified Summary was calculated and they participated in the settlement conference. The total settlement to Plaintiff of $4,500 is for unpaid wages and liquidated damages, as well as release of other employment-related claims. This amount represents approximately 60% of the disputed principal amount Plaintiff sought.

Plaintiff's attorney will receive $4,500 in attorney's fees and costs. Plaintiff's counsel K.E. Pantas submitted a fee affidavit following the fairness hearing. Doc. No. 28. He litigated the case on behalf of Plaintiff from January 23, 2008, accruing roughly 19.3 hours of his own and paralegal time. At the hourly rate of $300 for his time (14.8 hours) total fees were incurred of roughly $4,400. His paralegals incurred 4.5 hours at $95 per hour, or $427.50; plus costs of $403.75; for a total fees and costs incurred of $5,231.25. Counsel stated at the hearing that he had reduced his fees and costs

to $4,500 in an effort to settle the case. The amount of time devoted[1] and the hourly rates are not unreasonable under the circumstances of this case, which involved much duplicated time by the paralegal in translating during meetings or phone conversations with Plaintiff.

Settlement in the amount of $4,500 to Plaintiff for unpaid wages and liquidated damages, and $4,500 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 15 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] The reported time included 3.7 hours preparing the motion for fees and affidavit.